JMK:JMH
F. #2015R01172

**GLASSER, J.**

SCANLON, M.J.

FILED
CLERK
2015 OCT 15 PM 4: 47
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - against -

JACQUES DURAND,

          Defendant.

- - - - - - - - - - - - - -X

<u>I N D I C T M E N T</u>

Cr. No. _____

(T. 18, U.S.C., §§ 982(a)(2)(B),1028A(a)(1),
1028A(b), 1028A(c)(4), 1029(a)(5),
1029(c)(1)(A)(ii), 1029(c)(1)(C) and 3551
et <u>seq</u>.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

At all times relevant to this Indictment, unless otherwise indicated:

1.     In or about and between December 2014 and September 2015, the
defendant JACQUES DURAND was involved in a scheme to defraud JP Morgan Chase Bank,
NA ("JPMorgan"), Capital One Bank ("Capital One") and Bank of America, NA ("BofA")
(collectively, "the Banks"), by opening unauthorized credit card accounts in the names of John
Does and Jane Does #1 through #8, the identities of whom are known to the Grand Jury.

2.     As part of this fraudulent scheme, the defendant JACQUES DURAND
used the name, current and/or former address, social security number and date of birth ("means
of identification") associated with each John Doe and Jane Doe, as follows:

        a.     John Doe #1 was an individual who resided in Whitestone, New
York.  On or about December 3, 2014, the defendant JACQUES DURAND used John Doe
#1's means of identification to open a credit card account at JPMorgan.

b.      Jane Doe #2 was an individual who resided in Elmont, New York.   On or about December 10, 2014, the defendant JACQUES DURAND used Jane Doe #2's means of identification to open a credit card account at JPMorgan.

c.      John Doe #3 was an individual who resided in Elmont, New York.   On or about December 23, 2014, the defendant JACQUES DURAND used John Doe #3's means of identification to open credit card accounts at Capital One and JPMorgan.

d.      Jane Doe #4 was an individual who resided in Elmont, New York.   On or about January 6, 2015, the defendant JACQUES DURAND used Jane Doe #4's means of identification to open a credit card account at JPMorgan.

e.      John Doe #5 was an individual who resided in Brooklyn, New York.   On or about and between February 23, 2015 and March 10, 2015, the defendant JACQUES DURAND used John Doe #5's means of identification to open credit card accounts at JPMorgan, Capital One and BofA.

f.      John Doe #6 was an individual who resided in Brooklyn, New York.   On or about and between April 23, 2015 and April 24, 2015, the defendant JACQUES DURAND used John Doe #6's means of identification to open credit card accounts at Capital One and JPMorgan.

g.      John Doe #7 was an individual who resided in Brooklyn, New York.   On or about April 28, 2015, the defendant JACQUES DURAND used John Doe #7's means of identification to open a credit card account at Capital One.

h.     John Doe #8 was an individual who resided in Rosedale, New York.  On or about May 13, 2015, the defendant JACQUES DURAND used John Doe #8's means of identification to open a credit card account at JPMorgan.

3.     As part of this fraudulent scheme, the defendant JACQUES DURAND used these unauthorized credit cards to make purchases and withdraw cash advances, the value of which was greater than $1,000.

COUNTS ONE THROUGH TWELVE
(Access Device Fraud)

4.     The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

5.     In or about and between December 2014 and September 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JACQUES DURAND did knowingly and with intent to defraud use one or more unauthorized access devices, to wit: credit cards and account numbers, within one or more one-year periods, and by such conduct did obtain things of value aggregating $1,000 or more during those periods, in a manner affecting interstate commerce, as set forth in the table below:

| Count | Individual in Whose Name Account Was Opened | Date Account Opened | Date of Last Charge to Account | Bank |
|---|---|---|---|---|
| 1 | John Doe #1 | December 3, 2014 | December 16, 2014 | JPMorgan |
| 2 | Jane Doe #2 | December 10, 2014 | January 7, 2015 | JPMorgan |
| 3 | John Doe #3 | December 23, 2014 | January 10, 2015 | JPMorgan |
| 4 | John Doe #3 | December 23, 2014 | January 18, 2015 | Capital One |
| 5 | Jane Doe #4 | January 6, 2015 | January 14, 2015 | JPMorgan |
| 6 | John Doe #5 | February 23, 2015 | March 15, 2015 | JPMorgan |
| 7 | John Doe #5 | February 25, 2015 | March 17, 2015 | Capital One |
| 8 | John Doe #5 | March 10, 2015 | March 21, 2015 | BofA |
| 9 | John Doe #6 | April 23, 2015 | May 7, 2015 | JPMorgan |
| 10 | John Doe #6 | April 24, 2015 | May 20, 2015 | Capital One |
| 11 | John Doe #7 | April 28, 2015 | May 21, 2015 | Capital One |
| 12 | John Doe #8 | May 13, 2015 | June 4, 2015 | JPMorgan |

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii) and

3551 et seq.)

## COUNT THIRTEEN
(Aggravated Identity Theft)

6.      The allegations contained in paragraphs one through three are realleged

and incorporated as if fully set forth in this paragraph.

7.      In or about and between December 2014 and September 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant JACQUES DURAND, during and in relation to the crimes charged in Counts One

through Twelve, did knowingly and intentionally possess and use, without lawful authority,

one or more means of identification of one or more persons, to wit: John Does and Jane Does #1 through #8, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1029A(b), 1028A(c)(4), and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH TWELVE

8.    The United States hereby gives notice to the defendant JACQUES DURAND that, upon his conviction of any of the offenses charged in Counts One through Twelve, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), which require any person convicted of any such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property, and any property used or intended to be used to commit such offenses.

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C); Title

21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R01172

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*JACQUES DURAND,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(2)(B),1028A(a)(1), 1028A(b), 1028A(c)(4), 1029(a)(5), 1029(c)(1)(A)(ii), 1029(c)(1)(C) and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

_____

*J. Matthew Haggans, Assistant U.S. Attorney (718) 254-6127*