

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA:JMH
F. #2015R01172

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 7, 2015

By First-Class Mail and ECF

Jeffery L. Greco, Esq.
Greco & Neyland
261 Madison Avenue, 12th Floor
New York, New York 10016

         Re:    United States v. Jacques Durand
                 Criminal Docket No. 15-531 (ILG)

Dear Mr. Greco:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The enclosed disc is encrypted and the password will follow by separate cover.  The government also requests reciprocal discovery from the defendant.

I.        The Government's Discovery

        A.      Statements of the Defendant

      The defendant was arrested on June 9, 2015, in connection with criminal charges pending in the District Court of Nassau County.  In the course of providing pedigree information to the arresting officers, the defendant provided a false telephone number to United States Postal Inspector Yseult Belfort.  In response to further pedigree questioning, the defendant provided another telephone number: (718) 559-9768.

      If the government becomes aware of additional statements of the defendant relevant to the crimes charged in the indictment, it will promptly disclose them.

B.   The Defendant's Criminal History

Records reflecting the defendant's criminal history are enclosed, bearing the Bates numbers JD000001 through JD000075.

C.   Documents and Tangible Objects

Please find enclosed the following documents:

| Description | Bates Range |
|---|---|
| Toll records from T-Mobile obtained by Nassau County law enforcement, pursuant to subpoena, associated with the defendant's (718) 559-9768 wireless telephone number | JD000017-JD000020<br><br>JD000051-JD000059 |
| Cell site records obtained, pursuant to a search warrant, from T-Mobile associated with the defendant's (718) 559-9768 wireless telephone number | JD000021-JD000050 |
| Redacted copies of records related to the defendant's arrest in Nassau County on June 9, 2015, including documents taken from the defendant's person during a search incident to that arrest | JD000060-JD000075 |

Please note that certain of these records, such as the cell site records, are in Microsoft Excel format and reflect numerous data entries. To facilitate review of these types of documents the government has provided two copies: a "locked" or read-only format; and an "unlocked" or sortable format.

The government is also in possession of certain records obtained from Capital One, Bank of America, and JPMorgan Chase Bank. Those records contain private information subject to the protections of Federal Rule of Criminal Procedure 49.1. I have enclosed a draft protective order which, once executed and so ordered by the Court, will permit the government to share these records with you more efficiently. Please call me if you would like to discuss.

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

E.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and

705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

ROBERT L. CAPERS
United States Attorney

By:     /s/ J. Matthew Haggans
         J. Matthew Haggans
         Assistant U.S. Attorney
         (718) 254-6127

Enclosures

cc:     Clerk of the Court (ILG) (by ECF) (without enclosures)